■ In the Matter of the Claim of VICTOR A. ROGGIA, Respondent, v TOWN OF BLOOMING GROVE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 23, 1979, which affirmed an award of compensation benefits to claimant based upon the board's earlier finding that claimant had suffered a compensable myocardial infarction. In its earlier decision, which was filed on August 15, 1978 and upon which the award of compensation benefits was based, the majority of the board found: "based on the testimony of Dr. Garner and Dr. Davachi and the claimant's testimony * * * claimant's argument on August 31, 1976 aggravated a pre-existing heart condition resulting in a myocardial infarction arising out of and in the course of his employment." Substantial evidence supports this determination of the board. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.

■ In the Matter of the Claim of CLAIR M. LANKFORD, Respondent, v JOHN PROGNO et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed January 20, 1978 and March 13, 1979. Claimant was employed as an assistant race horse trainer at the Finger Lakes Race Track. In caring for the horses, he applied the drugs Phenylbutazone (Bute) and Dimethyl Sulfoxide (DMSO) to the horses' extremities. On several occasions he ingested Bute tablets. Prior to his employment he had been in good health and had no history of blood disease. The board found on the entire record that claimant was exposed to Bute and DMSO in his employment and such exposure caused him to contract bone marrow depression, resulting in a preleukemic condition, thus establishing a recognizable link between his occupation and his condition. The board further found the condition to be an occupational disease. Claimant's treating physician diagnosed the condition as a hemolytic anemia with a pancytopenia caused by exposure to Bute and DMSO. An impartial hematologist testified that claimant had a preleukemic condition and that, although doubtful, it is possible that exposure to Bute could result in leukemia. Other hematologists were of the opinion that claimant's condition was not connected with his occupational use of the drugs. Such conflicting proof presented questions of fact for the board to resolve (Matter of Sanderson v Curley, 65 AD2d 641). Implicitly, the board agreed with claimant's contention and proof. Since there is substantial proof in the record as a whole to sustain the board's determination, we must affirm (Matter of De Maio v Rockford Plumbing & Heating, 48 NY2d 665). Decisions affirmed, with costs to the Workers' Compensation Board against the employer and his insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.